## COMMONWEALTH v. EMPIRE PASS. RY. CO.

APPEAL BY RESPONDENT FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 31, 1890—Decided April 21, 1890.

(*a*) The relation of a stockholder, praying for a mandamus requiring a railroad company to permit him to copy the list of its stockholders, under the provisions of § 2, article XVII. of the constitution, set forth as the purpose thereof, merely that the relator might solicit other stockholders to join him in litigation against the company:

1. Said provision of the constitution does not confer any such right. It provides, simply, that a list of the stockholders shall be kept at the office of the company, and that it shall be open to the inspection of stockholders and creditors, but it does not confer the right to take copies of such list.

2. But even if such right were conferred, the relator, failing to allege that either he or the other stockholders had suffered or might suffer any injury by reason of any corporate act, done or threatened, or that other stockholders were necessary parties to the litigation proposed, the writ should not be allowed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 94 January Term 1890, Sup. Ct.; court below, No. 228 June Term 1889, C. P. No. 30.

On July 9, 1889, J. Edward Ackley, administrator of the estate of Thomas W. Ackley, deceased, presented a relation averring as follows:

"That at the time of the death of said Thomas W. Ackley, on January 9, 1889, he was the owner in his own right of 63 shares of stock in the Empire Passenger Railway Co. and the same now constitutes a part of the estate of the said Thomas W. Ackley deceased. Your petitioner further shows that on March 25, 1889, he went to the office of the said Empire Passenger Railway Company and demanded to be shown a list of the stockholders therein; that the stock-books were handed him for inspection, and thereupon he desired to make a copy therefrom showing the names of the stockholders, and the number of shares of stock held by them respectively therein; that

the officers of said Empire Passenger Railway Co. having the custody of the said stock-list, refused to allow him to copy the same, and said officer then stated that his refusal was in obedience to instructions from the said Empire Passenger Railway Company.

" Your petitioner further avers that by virtue of the provisions of article XVII., § 2, of the constitution of Pennsylvania, and by virtue of the provisions of the act of June 1̃5, 1874, P. L. 289, and at common law, your petitioner has the right to inspect the books of the said Empire Passenger Railway Co. for the purpose of ascertaining the names of the owners of the stock and the amounts owned by them respectively, which right was peremptorily and illegally denied by the said corporation as aforesaid.

" Your petitioner further says that he has an absolute right to copy said stock-list without assigning any reason for his so doing, but he waives the same and avers that he proposes to file a stockholders' bill to set aside as illegal and fraudulent a lease heretofore attempted to be made by the Empire Passenger Railway Co. to the Citizens Passenger Railway Co. and the Seventeenth and Nineteenth Streets Passenger Railway Co. of all its property and franchises for nine hundred and ninty-nine years, and he wishes to obtain said list so that he may confer with his fellow stockholders in said Empire Passenger Railway Co. to the end that they may join with him in said litigation and share the expenses thereof with him.

" Your petitioner therefore prays that a writ of mandamus may issue, to be directed to the said Empire Passenger Railway Co. requiring them to exhibit to your petitioner a list of stockholders in the said corporation, and to permit him to make a copy thereof, and he will ever pray," etc.

The writ alternative having been allowed and served, the respondent appeared and demurred to the relation, assigning as reasons therefor: 1. That no right of the relator was refused.    2. That no sufficient reason for the grant of the writ was alleged.

On October 26, 1889, the court, without opinion filed, so far as shown, entered judgment on the demurrer for the commonwealth.    Thereupon, the respondent took this appeal, assigning the entry of the judgment for the commonwealth for error.

`Mr. John G. Johnson` (with him `Mr. Frank P. Prichard`), for the appellant.`

Counsel cited: Section 2, article XVII. of the constitution; Commonwealth v. Phœnix Iron Co., 105 Pa. 111; Buck v. Collins, 51 Ga. 391 (21 Am. Rep. 236); Webber v. Townley, 43 Mich. 534 (38 Am. Rep. 213); Bean v. People, 7 Col. 200.

`Mr. J. W. M. Newlin`, for the appellee.

OPINION, MR. JUSTICE GREEN:

We are of opinion that the purpose avowed by the relator in his petition for a mandamus is not a proper purpose, such as will entitle him to the writ. Substantially, he desires to file a bill in equity to set aside a lease by the defendant corporation to another corporation, of all its property and franchises, for a long term. He wishes to obtain a list of the stockholders, so that he may confer with his fellow stockholders, in order that they may join him in his litigation, and share the expenses with him. This is nothing more than a desire to induce others to help him carry on a litigation, and divide the expenses thereof. He does not allege that he will be in any way injured by the proposed lease, or that there are others whose rights will be injured, or that they are necessary parties, or that he cannot maintain his bill without them. He simply claims an absolute and unqualified right, not merely to inspect the books and stock-list of the defendant, but to make a copy of the list of stockholders, and for the one purpose mentioned.

The constitution of 1874, article XVII., § 2, does not confer any such right. It simply provides that a list shall be kept at the office of the company, and that it shall be open to the inspection of stockholders and creditors, but does not confer the right to take copies of the list. But, even if it did confer such a right, we hold that it can only be exercised for a reasonable and proper purpose. We so held in the case of Commonwealth v. Phœnix Iron Co., 105 Pa. 111, saying, distinctly, that "the interests of all the corporators require that the writ (mandamus) shall not go at the caprice of the curious or suspicious." In the present case, the relator desires to have an opportunity to solicit other stockholders to join him in a litigation against the company, not because such stockholders have suffered any

wrong, but because he desires them to share the expense of such litigation with him. It is very easy to understand how such a combination of stockholders might be used for speculative purposes; but, without the statement or definition of some wrong or injury which the relator or the others may suffer in consequence of a denial of the right to make a copy of the list of stockholders, we cannot appreciate the propriety of the court's lending the aid of a mandamus to a litigant who avows no other purpose than the one stated. The relator does not even say that he is too poor to carry on the proposed litigation himself. In fact, he avers no necessary reason, that a court can recognize, for the use of the writ. If he had a copy of the list, he would have the opportunity of soliciting others to join him in order that money might be made by a combined movement, which the company would prefer to buy off, rather than incur the annoyance and expense of a protracted litigation; but, of course, no court would ever lend its aid to the promotion of such a result as that. The writ was refused in the following cases, in which the right of inspection exists quite as broadly as in our own state: Buck v. Collins, 51 Ga. 391; Webber v. Townley, 43 Mich. 534; Bean v. People, 7 Col. 200. We think the writ was improvidently granted by the learned court below, and, therefore,

The judgment is reversed and the petition is dismissed, at the cost of the appellee.