# Rochester v. Indiana County Gas Company, Appellant.

*Corporations—Stockholders—Right of stockholders to inspect books—Mandamus.*

1. A stockholder who has been refused access to the books, papers and records of a corporation, by its officers, is entitled to a mandamus to compel the latter to permit him to inspect such papers, books and records in order that he may prepare and file a bill in equity to obtain relief against abuses by fraud and mismanagement of which he complains.

2. A minority stockholder of a gas company, a corporation organized under the laws of Pennsylvania, filed his petition for mandamus against the officers of the corporation, averring that the company had been extravagantly managed; that annual statements were so issued as to give no real information concerning its affairs; that the true value of the stock was fraudulently concealed from him in order that he might be forced to sell out to the majority stockholders at a price below the real value of the stock; that although the business of the corporation was increasing and the price of gas had been raised and the income had increased, the dividends declared had been very small, and that for two years no dividends at all had been declared; that he had made a demand upon the proper officers of the company to examine the books, papers, records and vouchers for the purpose of ascertaining the true financial condition thereof, which request was refused, and praying for a mandamus commanding the officers of the company to allow him to inspect the books and records thereof at some convenient time. In his notice to the officers of the company the petitioner alleged that the purpose for which he desired to make the examination was to ascertain the financial condition of the company, the value of the stock, the names of the stockholders,

and whether the corporation had been extravagantly managed, and its funds misapplied to the injury and loss of the stockholders, in order that he might prepare a bill in equity for an accounting between him and the corporation and its officers, for profits, dividends and moneys to which he might be found to be entitled. The answer denied that plaintiff's demand for inspection was refused, which issue the jury determined in favor of the plaintiff. *Held,* that the court properly granted a peremptory writ of mandamus.

Argued Oct. 5, 1914. Appeal, No. 101, Oct. T., 1914, by defendant, from decree of C. P. Indiana Co., March Term, 1910, No. 201, granting peremptory writ of mandamus in case of John H. Rochester v. Indiana County Gas Company, Harry W. Wilson, President; Joseph W. Clements, Treasurer; Board of Directors of the Indiana County Gas Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition for mandamus to permit inspection of books of corporation.

John H. Rochester, the owner of forty-two shares of capital stock of the Indiana County Gas Company, filed a petition for a writ of mandamus against the Indiana County Gas Company and its officers to produce, and permit the petitioner to examine, the books, papers, records and vouchers of the company for the purpose of ascertaining its true financial condition, the petition averring fraud and mismanagement of the affairs of the company by its officers. Respondent answered and a replication to the answer was filed. On the trial the disputed question of fact as to whether respondents had refused petitioner's demand for an inspection of the books was found in favor of the plaintiff.

RYAN, P. J., filed the following opinion:

The petitioner is the owner of forty-two shares of the capital stock of the Indiana County Gas Company, a corporation existing under the laws of the Commonwealth, having its chief place of business in the Bor-

ough of Indiana, in said County of Indiana. In his petition he avers inter alia his belief that the said corporation has been extravagantly managed, that annual statements issued by the officers of said company are so compiled as to furnish no information as to the true disbursements and expenditures of the corporation, the items therein being mixed and lump charges, and that the true value of the stock of said corporation is fraudulently concealed from him that he may be forced to sell out to the majority, represented by the said Harry W. Wilson and Joseph W. Clements, at a price below the real value thereof. He further avers the belief that charges for meters as they appear in the annual statements are incorrect and excessive as are the salaries paid by the company, and that the sums charged in said statements to the cost of drilling new wells are largely in excess of the actual cost thereof and incorrect. He asserts that although the business of said corporation has been increasing, the price of gas raised, and the income increased since the formation of such corporation, the dividends on the stock thereof have been small, and for two years last past no dividend has been declared. He further believes that the said Harry W. Wilson and Joseph W. Clements, are attempting to acquire the stock of the petitioner. The petitioner alleges that in October, 1909, he made a demand upon the said Joseph W. Clements, as treasurer of said company, for permission "to examine the books, papers, records and vouchers of such corporation for the purpose of ascertaining the true financial condition thereof," which request was refused, and a further application on November 15, 1909, and January 1, 1910, upon the said Harry W. Wilson, president, and Joseph W. Clements, treasurer, which demands were also refused. The petitioner declares it to be his belief that "he has been defrauded of a large amount of profits, moneys and dividends to him justly due and owing from said corporation and the officers thereof by reason of the premises aforesaid." He prays

for a mandamus, commanding the said Indiana County Gas Company, Harry W. Wilson, President, Joseph W. Clements, Treasurer, and the Board of Directors of such corporation "to produce at some convenient time and place, as by the court may be designated, all books, vouchers, papers, stocks and accounts of the said Indiana County Gas Company, for the inspection of the said John H. Rochester, and to permit him, the said John H. Rochester, together with such expert or experts and counsel as he may designate, to inspect and examine the same and make extracts therefrom." In his notice to the said Harry W. Wilson, President, and Joseph W. Clements, Treasurer, of January 1, 1910, the petitioner alleged the purpose for which he desired to make the examination to be the ascertaining of the amount of profits and the disposition of the entire receipts of such corporation, the value of the stock of such corporation, and who are the stockholders, whether the said corporation has been extravagantly managed and its funds misapplied to the injury and loss of the stockholders and especially of the petitioner, to the end that the petitioner may prepare a bill in equity for an accounting between him and the said corporation and its officers for all profits, dividends and moneys that may be found on such inspection to be in any way due and owing to the petitioner or to which he may be entitled. The respondents in due course filed an answer, to which the petitioner responded with a replication. The material matters put in issue by these pleadings are, first, the charge of the refusal of petitioners' demand by Messrs. Wilson and Clements as officers of the said corporation, and, second, the right of the plaintiff, under the circumstances, to the remedy of a mandamus, which he invokes. The question of fact involved in the first issue has been determined by a special verdict rendered by a jury, in favor of the plaintiff. There remains to be considered the question of the plaintiff's right to the remedy which he seeks. We think that this case is ruled by Common-

wealth v. Phœnix Iron Company, 105 Pa. 111, and Phœnix Iron Co. v. Commonwealth, 113 Pa. 563. Here, as there, a stockholder, who has been refused access to the books, papers and records of the corporation, by its officers, asks for a mandamus to compel the latter to permit him to inspect the same that he may prepare and file a bill in equity, to obtain relief against the abuses of which he complains. The right of a stockholder to an inspection of the books and papers of a corporation, in a proper case, is clearly established and it would be an affectation of learning to cite authorities in support of the proposition. See Phœnix Iron Company v. Commonwealth, supra. "Such a right is of course not to be exercised to gratify curiosity, or for speculative purposes, but in good faith, and for a specific, honest purpose, and where there is a particular matter in dispute, involving and affecting seriously the rights of the relator as a stockholder." Phœnix Iron Company v. Commonwealth, 113 Pa. 563. The language of the Supreme Court in its first opinion in the above cited case reported in Commonwealth v. Phœnix Iron Co., 105 Pa. 111, may be adopted here. "The relator avers that he purposes filing a bill in equity against the corporation and its officers, and that it is necessary that he see the books and papers in order that he may correctly state the facts now concealed from him. Upon learning the facts he may abandon his purpose for want of matter of complaint. He desires 'to inspect and see whether he can raise a particular case in his favor by examining the books'; upon the verity of the facts set forth in his petition, we are of opinion that he is entitled to an alternative mandamus. The writ should not extend to any books and papers other than such as contain information upon the subjects specified in the prayer of the petition."

The court granted the writ of mandamus as prayed for. Respondents appealed.

*D. B. Taylor,* with him *Cunningham & Fisher,* and *Ernest Stewart,* for appellant.

*William Banks,* with him *Harry White,* for appellee.

PER CURIAM, October 26, 1914:

This appeal is from an order directing the issuing of a mandamus requiring the officers of the defendant company to produce certain books, papers and accounts for the inspection of the petitioner, a stockholder. The question whether a proper demand had been made by the petitioner was decided in his favor by a special verdict and his right to inspect is clearly sustained by the opinion of Judge RYAN, specially presiding, upon motion for a peremptory mandamus, on which we affirm the order appealed from.

Order affirmed at the cost of the appellants.