# Hertzler et al., Appellants, *v.* Federal Equipment Company.

*Corporations—Stock—Purchase of stock—Change of salaries of officers—Contract—Breach—Option—Laches—Presumption.*

1. Where the owners of a manufacturing plant sell the same to a corporation and agree to take a part of the purchase price in the stock of the company, subject to a stipulation that the company would immediately repurchase the same if the salaries of its officers should be increased, such owners cannot enforce the stipulation to repurchase, if it appears that one of them had actual notice of the increase of the salaries of the officers, and made no demand for the repurchase of the stock for four and one-half years thereafter.

2. Failure to exercise an option within a reasonable time, when no time is provided for its exercise, raises a presumption of an intention to abandon the right and of a waiver to insist thereon.

Argued September 29, 1919. Appeal, No. 316, Jan. T., 1919, by plaintiffs, from judgment of C. P. Cumberland Co., Oct. T., 1917, No. 345, for defendant on trial by the court without a jury, in case of Harry Hertzler and W. H. Crider, for use of Harry Hertzler and David S. Wagner v. Federal Equipment Company. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract. Before SADLER, P. J.

The court entered judgment for defendant. Plaintiffs appealed.

*Error assigned* was in entering judgment for defendant.

*G. Wilson Swartz,* for appellants.—The action was brought within the time fixed by the statute of limitations: Kelley v. Boettcher, 85 Fed. 55; Wyman v. Bowman, 127 Fed. 269.

Equity follows the law in analogy to the statute of limitations: Hamilton v. Hamilton, 18 Pa. 20.

*E. M. Biddle, Jr.,* for appellee, cited: Barnes v. Rea, 219 Pa. 279.

PER CURIAM, October 22, 1919:

Harry Hertzler and W. H. Crider, the owners of a manufacturing plant in the Borough of Carlisle, sold it, under a written agreement dated September 22, 1908, to the Federal Equipment Company for the sum of $18,000. Of this consideration the vendors agreed to accept as part thereof $2,000 of the capital stock of the defendant company at par value, subject to a stipulation that the company would immediately repurchase the same if the salaries of its officers should be increased. The shares called for were, by arrangement between the parties, issued to Harry Hertzler and David S. Wagner, the plaintiffs in the present proceeding. On February 11, 1913, and again in 1916, the salaries of the officials were raised. The appellants subsequently demanded that their stock be repurchased, as provided in the agreement of sale, and, repayment having been refused when tender of the stock was made, in September, 1917, this suit was instituted. A jury trial was waived, and from the judgment entered by the trial judge, there is this appeal.

The rights of the parties to this controversy are to be determined solely by the contract between them as it was written. The learned court found that Harry Hertzler had actual notice prior to March 14, 1913, of the increase of the salaries of the officers of the appellee, and that no demand by the plaintiffs or either of them was made prior to September 12, 1917, for the repurchase of the stock, which had been taken as part of the consideration of $18,000, paid for the appellants' property. Neither of these facts has been assigned as error, and the correct legal conclusion of the court below was: "The failure to exercise the option to compel a repurchase of the shares

for four and a half years after the breach of the condition raises a conclusive presumption of an intention to abandon the right and of a waiver to insist thereon." Failure to exercise an option within a reasonable time when no time is provided for its exercise, raises a presumption of an abandonment of the rights under it: 13 Corpus Juris 609; 2 Fletcher on Corporations 1322. It is not unlikely that depreciation in the value of the stock led to the belated attempt of the appellants to exercise the option given them under the agreement of September, 1908. If the stock had increased in value, the appellee would not have been called upon to repurchase it at par. This illustrates the wisdom of the rule followed by the learned court below.

Judgment affirmed.