## Scott, Appellant, *v.* Pittsburgh et al.

*Road law—Opening of street—Municipalities—Agreement with abutting owner—Purpose of opening.*

1. Where a party has a legal right to do a given thing the courts will not inquire into his purpose in doing it.

2. Hence, so long as a street is to be opened to the use of the public, no inquiry will be made into the municipality's purpose in opening it.

3. Opening a street for public use is not illegal because it was the result of an agreement with an abutting owner who will be largely benefited by and agrees to pay all damages assessed for the opening.

Argued October 15, 1919. Appeal, No. 52, Oct. T., 1919, by plaintiff, from decree of C. P. Allegheny Co.,

April T., 1919, No. 486, dismissing bill in equity in case of William Scott v. City of Pittsburgh, E. V. Babcock, Mayor, and John Swan, Director of the Department of Public Works.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Bill in equity for an injunction.  Before BROWN, J. Demurrer to bill.

The court entered a decree sustaining the demurrer and dismissing the bill.  Plaintiff appealed.

*Error assigned* was the decree of the court.

*William A. Jordan,* with him *Thomas D. Chantler, William H. McClung* and *Park J. Alexander,* for appellant.—The opening was improper: Sipe v. Tarentum Borough, 263 Pa. 338; Sharpless v. Mayor of Phila., 21 Pa. 147; Lambertson v. Hogan, 2 Pa. 22; Palairet's App., 67 Pa. 479; Philadelphia Clay Co. v. York Clay Co., 241 Pa. 305; J. G. Brill & Co. v. Phila., 167 Pa. 1.

*Charles A. O'Brien,* City Solicitor, with him *B. J. Jarrett* and *Harry Diamond,* Assistant City Solicitors, for appellee.—The councilmanic body is the sole judge as to the necessity and expediency of the exercise of the power granted to a municipality, and its decision is not reviewable by the courts: Pitts. & W. R. R. Co. v. Butler Borough, 242 Pa. 468; Waln's Heirs v. Phila., 99 Pa. 330; Oil City v. Oil City Boiler Works, 152 Pa. 348; Freeport Borough v. Marks, 59 Pa. 253; Butler Borough v. B. & O. R. R. Co., 242 Pa. 461; Brown v. City of Scranton, 231 Pa. 593.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1920:

Plaintiff filed a bill in equity against the City of Pittsburgh and certain of her officials to enjoin the extension of a public road or alley, called Archon way, an ad-

ditional fifty feet through his property to the line of a neighbor. He averred the city had passed an ordinance for the opening as the result of and in compliance with the terms of an agreement between the city and his neighbor, which set forth that the extension was necessary for the proper development and use of the neighbor's property, who had, therefore, agreed to pay whatever damages were awarded by reason of the opening; that this matter had been referred to the board of viewers for the purpose of assessing the damages occasioned thereby; and generally "that the sole purpose of the passage of said ordinance was for the private use and benefit of the said Fannie Lewin in providing a means of egress and ingress to the rear of her property, and was not for any public use or purpose whatever." The bill prayed that the ordinance be decreed void and the opening enjoined. Plaintiff did not aver the ordinance was not duly passed, or that the public generally could not use the way if it chose to do so, and he expressly disclaimed any intent to impugn the motives of councils or the integrity of any of its members. The court below sustained a demurrer filed by defendants and dismissed the bill, whereupon plaintiff appealed.

No reason was stated and none is known why a city ought not to be allowed to make the agreement referred to in the bill. Such agreements are not unusual, and benefit the city in that, without expense to it, additional property is opened to public improvement, and increased taxation results. It may safely be said that nearly all streets are opened as the result of pressure by property owners who expect to be benefited thereby. Their use by the public, however, constitutes a public use, no matter by whom requested, and justifies the opening (Penna. Mutual Life Ins. Co. v. Phila., 242 Pa. 47); and the fact that the city's purpose is to comply with the terms of such an agreement and thereby to benefit also the abutting owner who executes it, does not detract from the public use or prevent the city from exer-

cising its statutory power to open such streets as it deems best. When, as here, a party has a legal right to do a given thing, the courts will not inquire into his purpose in doing it: Jenkins v. Fowler, 24 Pa. 308; Glendon Iron Co. v. Uhler, 75 Pa. 467; Vitagraph Co. of America v. Swaab, 248 Pa. 478, 493. The general averment above quoted means no more than that plaintiff objects to the "purpose" of the opening because it is the result of an agreement which benefits his neighbor rather than the general public; but into that, as shown above, we cannot inquire.

Penna. Mutual Life Ins. Co. v. Philadelphia, supra, lends no aid to plaintiff's contention. There an act of assembly gave to Philadelphia the right to take in fee property outside of the lines of its highways, and sell it to some one else. We held the act unconstitutional and enjoined the city from taking plaintiff's property under it, because it was clear no public use was to be imposed upon the land so taken, which, on the contrary, was to pass into private ownership and use to the exclusion of the public. It was in effect an attempt to take plaintiff's property without his consent, in order to sell it to someone else. What was said in Sipe v. Boro. of Tarentum, 263 Pa. 338, to the effect that the evidence did not show the street in that case was opened as the result of an agreement between the city and a property owner, was stated simply as an additional reason why appellant's contention therein could not prevail. It was not said that if the opening had been the result of a private agreement it would have rendered voidable the municipality's act. Even in the case of a railroad or other quasi-public corporation such a bill as this would not be sustained (Mountz v. Pittsburgh, Bessemer & Lake Erie R. R. Co., 265 Pa. 67); much less will it be in the case of a municipality.

The decree of the court below is affirmed and the appeal dismissed at the costs of appellant.