Commonwealth of Pennsylvania *v.* MacDonald,
Appellant.

Argued September 30, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN,
GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Carroll Caruthers,* and with him *S. W. Bierer,* for
appellant.

*James Gregg,* Special Asst. District Attorney, and
with him *John R. Keister,* District Attorney, for ap-
pellee.

Opinion by Trexler, J., November 18, 1929:

The defendant was charged under the Act of April 14, 1905, P. L. 169, with having wilfully trespassed upon the posted lands of the Penn Valley Coal Company and after hearing by a justice of the peace, was convicted and fined. An appeal having been allowed, the matter was heard, de novo, by the judge of the quarter sessions and defendant was adjudged guilty and fined as provided by said act. The judge who heard the case stated, ''The overwhelming weight of the testimony is that the defendant was an employee of the Penn Valley Coal Mining Company; that he was discharged on May 8, 1928, that he left the premises of the company and subsequently returned and trespassed upon the lands of the Penn Valley Coal Mining Company, in violation of trespass notices which were posted on the land in accordance with the Act of Assembly.'' We must treat this finding of the judge the same as a verdict of the jury and we are convinced that the testimony supports the conclusion reached.

The appellant seeks to set aside the judgment of the lower court by asserting that he was not regularly discharged by one who had authority, that he had a right to come back to the premises because he had not been paid, that the necessary notices were not posted on the premises and that he had a right to enter because he was a stockholder of the corporation. The answers to these three propositions is first, there was evidence to show that the superintendent had the authority to discharge him; second, that the place for getting his pay was not at the part of the premises upon which he trespassed; and third, that, as found by the court, the property was properly posted.

As to his right to go upon the premises by reason of his being a stockholder, it is not certain that he was a stockholder, for although he answered that he was, on further inquiry, he said he held the certificates and

his answer implies that they were merely held as security for loans and had not been transferred on the books of the company. Passing this, we think there is one answer to his contention, which is, that had he wished to assert his right, (if he had any), he should have done so through the proper channel. His application as a stockholder should have been made to the officers of the company who could have verified his claim. Certainly, it cannot be held that if anyone purchases a share of stock in a corporation he can by reason of such purchase demand entrance at any time or place to the property of such corporation. We find in Kuhbaugh v. Irving Cut Glass Company, 220 Pa. 427, under the facts in that case, a stockholder had a right to demand of the officers of the company permission to examine the books and this case was followed by Hauser v. York Water Co., 278 Pa. 387. In both of these cases, the demand to inspect the books was made in a proper manner to the officers of the corporation. Under what circumstances, if any, a stockholder has a right to visit the property of a corporation, we need not decide, for the defendant in the present case did not put himself in a position to properly raise that question.

The judgment is affirmed.