Davis et al., Appellants, *v.* Cambria Title, Savings & Trust Co.

Argued March 24, 1931.   Before FRAZER, C. J., WALL-ING, SIMPSON, SCHAFFER and MAXEY, JJ.

*Ray Patton Smith,* for appellants.—A stockholder may always examine the books and records for the purpose of protecting his interests in the corporation, particularly where there is (a) a proposed sale of all the assets of the corporation, or (b) where the officers have misrepresented the value of the assets: Rochester v. Gas Co., 246 Pa. 571; Kuhbach v. Cut Glass Co., 220 Pa. 427; Schondelmeyer v. Fireproofing Co., 219 Pa. 610; Com. v. Phœnix Iron Co., 105 Pa. 111; Hauser v. Water Co., 278 Pa. 387; Halpern v. Grabosky, 296 Pa. 108.

The law presumes a proper purpose: Hauser v. Water Co., 278 Pa. 387.

Appellants are entitled to relief by mandamus, even though they had applied for the appointment of appraisers to fix the value of their stock: Barnett v. Market Co., 218 Pa. 649; Rochester v. Gas Co., 246 Pa. 571; Williamsport v. Water & Gas Co., 232 Pa. 232.

*Philip N. Shettig,* with him *Charles C. Greer,* for appellee.—While a stockholder may always examine the books and records for the purpose of protecting his interests in the corporation, particularly where there is a proposed sale of all of the assets of the corporation, or where the officers have misrepresented the value of the assets, yet where the admitted facts show that all of the assets have long since been sold and no such misrepresentation existed, this right may not be asserted.

Appellants are not entitled to relief by mandamus, they having applied for the appointment of appraisers to fix the value of their stock: Moyer v. Kirby, 14 S. & R. 162, 164; Chestnut Hill Turnpike Co. v. Martin, 12 Pa. 361; Beltzhoover Boro. v. Gollings, 101 Pa. 293,

295; Deer v. Boro., 220 Pa. 307, 310; Valley Smokeless Coal Co. v. Hager, 292 Pa. 440.

OPINION BY MR. JUSTICE MAXEY, May 11, 1931:

Appellants are stockholders of the Cambria Title, Savings & Trust Company, hereinafter called the Cambria Company. The assets of this company were sold to the Ebensburg Trust Company in 1926 and its charter was transferred to the same company four years later. On February 13, 1930, the appellants petitioned the court below to appoint three persons to estimate and appraise the damages done, if any, to the petitioners as stockholders of the trust company by reason of a certain consolidation or merger between that company and the Ebensburg Trust Company. The court granted a rule to show cause why the appraisers should not be appointed. The petitioners now aver that the officers and directors misrepresented the assets of the Cambria Company and that the assets are in excess of the amount the stockholders received therefor in the sale to the Ebensburg Trust Company; they aver that it is their right to have access to the books and records of the trust company so as to properly present to the court their position under the rule and to protect their rights as stockholders; they aver that, on February 13, 1930, the trust company represented to the petitioners that full access would be given to the books and records of the institution, but shortly afterward this right of access was denied. The petitioners aver that they are without other adequate and specific remedy at law and that the right to require the performance of the act is clear and that no valid excuse was given for the denial of the right, and they prayed for a preëmptory (sic) mandamus.

An alternative writ of mandamus was awarded. The trust company made return thereto as follows: They deny that the officers misrepresented the assets of the trust company; they deny that the assets were in excess

of the amount which the stockholders received therefor in the sale to the Ebensburg Trust Company; they deny that the petitioners are entitled to have access to the books and records of the trust company, as the appraisement must be made under the act of assembly by three disinterested persons appointed by the court. It is averred that the proceeding taken in the court on February 13, 1930, precluded the petitioners for the alternative writ of mandamus from taking any steps as stockholders under the common law, but the remedy given the petitioners being by act of assembly such remedy is conclusive and takes the place of any common law remedy. It is also set forth that on August 12, 1926, the trust company, being then insolvent, sold all its assets, by a resolution of its board of directors, to the Ebensburg Trust Company; that the sale was approved, ratified and confirmed by its stockholders by a vote of 825 for and 92 against; that the sale was fully consummated; and that the petitioners had full knowledge of the sale. It is denied that petitioners have no other adequate and specific remedy at law. The matter was submitted to the court on petition and answer.

The petition for the appointment of appraisers was refused on the 8th day of September, 1930. The court also filed an opinion on the same date refusing the petition for writ of mandamus and dismissing the proceeding. The opinion of the court declared that "the petition for the appointment of appraisers has been refused because of the fact appearing in that proceeding that the sale of the assets and franchises of the Cambria Title, Savings & Trust Company took place on August 14, 1926, in a proceeding under the Corporation Act of 1874, and any action taken by the stockholders in January, 1930, was simply for the purpose of transferring the charter of the Cambria Title, Savings & Trust Company to the Ebensburg Trust Company." The court said further: "The answer of the respondent denies specifically the averment of misrepresentation contained in

the petition. No testimony whatever has been taken to sustain the averment in the petition, therefore it must fall. The petition also averred that the assets of Cambria Title, Savings & Trust Company were greatly in excess of the amount which the stockholders received therefor in the sale to the Ebensburg Trust Company. This is denied by the answer and attention called to the fact that the sale of these assets took place on the 14th day of August, 1926. Counsel for respondent contends that this proceeding is not in good faith and that the petitioners, by reason of their laches, are not entitled at this time to examine and inspect the books of the Cambria Title, Savings & Trust Company, and furthermore, that the sale may not be attacked and set aside, but is final and conclusive unless it be shown that there was fraud or collusion on the part of the majority of the stockholders in connection with the sale."

The petition for mandamus is not an attack on the sale referred to. An inspection of the books of the company might convince the appellants that no attack should be made on the sale. This court held in Kuhbach v. Irving, 220 Pa. 427, that "The petition [for a mandamus] does not have to aver facts sufficient to sustain a bill filed for an accounting. The stockholders of a corporation are the owners of its franchise and its assets and they have a right to be informed of the financial condition of the company. ...... The averment of an intention to file a bill in equity to restrain the officers from mismanagement, and the need of information to that end is sufficient ground for granting the mandamus."

In Phœnix Iron Co. v. Com., 113 Pa. 563, this court held that a stockholder's right to examine the books of the company was not to be exercised to gratify curiosity, or for speculative purposes, but in good faith and for a specific honest purpose, and where there is a particular matter in dispute involving and affecting seriously the rights of the relator as a stockholder. The court said:

"We cannot anticipate the bill which the relator may bring."

In Hodder v. Hogg Co., 223 Pa. 196, a stockholder petitioned for a mandamus alleging certain irregularities in the conduct of the company. In the answer filed by respondent, the charges of mismanagement were denied and it was averred that petitioner was not acting in good faith, that he was interested in a rival concern, and that his purpose was to force a purchase of his stock at an unreasonable price. This court said: "From these charges and countercharges it is very apparent that a substantial dispute exists, as to the management of the company. Relator as a stockholder has without question the right to inspect the books of the company, at a proper time, and in a proper way, even though his only object be to ascertain whether the business has been properly conducted. Such a right is necessary for the protection of stockholders. The relator seeks at the present time merely for information. It may be that as a result of his examination of the books and of the records his suspicions will be shown to be groundless."

In Hauser v. York Water Co., 278 Pa. 387, stockholders petitioned for a writ of mandamus requiring the defendant to furnish plaintiffs with a list of the stockholders of the company. It was also alleged that the petitioners were dissatisfied with the management of the company, and believed its best interests require the election of a new board of directors; and that they desired a list of stockholders in order to obtain proxies for use at the annual election. The return alleged that the petition was defective because mismanagement of the corporation was not charged and no reason was given why the petitioners were dissatisfied with the existing board of directors. This court held, in an opinion by Mr. Justice SIMPSON, that "As the list of stockholders was sought for a proper purpose, it was not necessary to aver mismanagement, or to state why plaintiffs desired a new board of directors. Indeed, such a list must be given,

'even though [relator's] only object is to ascertain whether the business has been properly conducted'..... Nor are defendants any happier in the above quoted averment regarding the alleged 'real purpose' of plaintiffs. It 'tenders no issue of fact which could be tried by a jury, or which, if tried and found for defendants, could militate in the least against the claim of the petitioners to the rights vested in them by law' (Com. ex rel. v. Phila. & Reading R. R. Co., 3 Pa. Dist. R. 115, 117, ARNOLD, J.), for the obvious reason that, because there is such a legal right, it is a matter of entire indifference what respondents believe regarding plaintiffs' 'real purpose': Scott v. Pittsburgh, 266 Pa. 52; Roush v. Herbick, 269 Pa. 145. ...... What has been said disposes of the instant case, but a little more may, perhaps, be wisely added, in view of the fact that several recent experiences have led us to the conclusion that the officers of other corporations also imagine that, in this class of cases, their simple denial of a stockholder's averments, will be sufficient to compel a jury trial to establish his right. ...... The doctrine of the law is, that the books and papers of the corporation, though of necessity kept in some one hand, are the common property of all the stockholders,...... [their right, in the case of] joint stock corporations, to inspect the accounts and papers, [being] similar to that of members in large partnerships, where managers are appointed to transact the business. ...... It follows that when a stockholder applies for a mandamus, because of a refusal to give him such a list, or to allow him to copy it from the books of the corporation, and states a legal and proper reason why he desires to have it, the corporate officers, who deny his right to it, have a heavy burden to carry. ...... The law presumes, however, that the list is desired for a proper purpose, and he who denies this has the burden of clearly and explicitly averring and proving that he is right: 7 R. C. L. 326."

In Com. ex rel. Sellers v. Phœnix Iron Co., 105 Pa. 111, this court said: "The relator avers that he purposes filing a bill in equity against the corporation and its officers, and that it is necessary that he see the books and papers in order that he may correctly state the facts now concealed from him. Upon learning the facts he may abandon his purpose for want of complaint. He desires 'to inspect and see whether he can raise a particular case in his favor by examining the books'; upon the verity of the facts set forth in his petition, we are of opinion that he is entitled to an alternative mandamus."

Rochester v. Indiana County Gas Co., 246 Pa. 571, and Neubert v. Armstrong Water Co., 211 Pa. 582, are in accord with the foregoing cases.

In the light of these authorities, we think the reason given by the court below for refusing a mandamus was inadequate. A mere denial in the answer that the officers misrepresented the assets of the trust company and that the assets are in excess of the amount which the stockholders received therefor in the sale to the Ebensburg Trust Co. is not, under the authority of Hauser v. York Water Co., supra, sufficient to prevent the awarding of the writ. The court below said: "The Act of 1901, as amended by the Act of 1909, relating to the merger and consolidation of corporations, does provide a method whereby minority stockholders may have the value of their shares appraised in a proceeding under this act." We think the rights of stockholders under the Acts of 1901 and 1909 are not material to this issue. Rights given to stockholders under section 5 of the Act of 1909, P. L. 408, "to apply by petition to any court of common pleas of the county in which the chief office of such corporation may be situate,......to appoint three disinterested persons to estimate and appraise the damages, if any, done to such stockholder or stockholders by said consolidation" (referred to in the act) has nothing to do with the right of stockholders to inspect the books and records of a corporation and does not provide a rem-

edy which excludes the remedy by mandamus to secure access to the books and records of the company.

Another reason assigned by the court for refusing the mandamus is this: "In addition to the difficulty suggested above as to why the petitioners may not have the aid of the courts in this matter is the fact that they have delayed for practically three and one-half years, and we would conclude from their request here that they have in their own minds that it possibly might appear from an examination to-day of the books of the Ebensburg Trust Company and the Cambria Title, Savings & Trust Company that commercial paper which was a part of the assets of the trust company and included in the transaction, which might have appeared to be worthless at the time of the transaction, or at least so doubtful that it had no commercial value, yet by reason of developments since that time has proved to have value, and upon the showing of such fact or facts would undertake to charge that the sale price was inadequate. Even if this could be shown, it would be entirely insufficient." We think the court should not be concerned as to what was in the minds of the petitioners in regard to the possible assets of the company. We think the allegations of the petition for mandamus were sufficient to show that there was a controversy between the minority stockholders and the corporation on a corporation matter and that the petitioners were within their rights in seeking access to the books of the company in order to support their petition for appraisers to protect their rights as stockholders. The court need not consider what petitioners might or might not discover upon inspection of the books of the company. If the inspection reveals the fact that their rights have been prejudiced in any way, it is the privilege of the petitioners to choose a legal method for the redress of any wrongs that may have been done them.

In their paper book the appellants call attention to the fact that while the petition does not show that one

of the petitioners, T. Stanton Davis, was a director and vice-president of the Cambria Title, Savings & Trust Company at the time that the petition for writ of mandamus was filed, yet such is a fact, and they pray to be allowed to amend their petition to show that fact. In Machen v. Electrical Mfg. Co., 237 Pa. 212, this court said, in an opinion by Mr. Justice MESTREZAT: "Certainly the right of a director to inspect is superior to that of a stockholder, and we have sustained the latter's right in the face of an averment in the return of a belief that the demand for inspection was not in good faith but for the purpose of using the information as a director in a competing company: Kuhbach v. Cut Glass Co., 220 Pa. 427. ...... He has an unqualified right to inspect the books of the corporation, and all that he need show to entitle him to an inspection is that he is a director of the company, that he has demanded permission to examine and that his demand has been refused: People v. Central Fish Co., 117 N. Y. App. Div. 77."

By supplemental record filed in this case it appears that the department of banking of the Commonwealth of Pennsylvania, on the 10th day of February, 1931, took possession of the business and property of the Ebensburg Trust Company, the same being the company that the Cambria Title, Savings & Trust Company sold all its assets to on August 12, 1926, which sale was approved, ratified and confirmed as hereinbefore set forth, and a merger of the two companies effected. It also appears by the supplemental record that the banking department has appointed an agent to assist in continuing or liquidating the business and property of the Ebensburg Trust Company and to perform such duties connected with such continuance or liquidation as may be delegated to him by the secretary of banking from time to time. In view of the altered situation thus brought to our attention by the supplemental record we will not reverse the decree of the court below, but will affirm it, without prejudice to the rights of the peti-

tioners to apply to the banking department of Pennsylvania for access to the books and records of the Ebensburg Trust Company (including the records of the Cambria Title, Savings & Trust Company, now merged with the former company), and without prejudice to their right to renew the application for a mandamus if the banking department of Pennsylvania returns the aforesaid property and records to the executive officers of the consolidated company.

The judgment is affirmed.