## Osmond et al. v. Sanitary Company of America

*Larzelere & Wright* and *Julian W. Barnard*, for plaintiffs.
*High, Dettra & Swartz*, for defendant.

CORSON, J., May 2, 1934.—Relators are stockholders of the defendant company, a Delaware corporation doing business in the State of Pennsylvania, and, admittedly having most of its assets in this county. The relators, as such stockholders, seek an opportunity to inspect the books, and particularly the stock records of the defendant company, for the purpose of finding out the financial condition of the company to ascertain the value of their stock. The relators aver, and it would seem to be admitted, that the stockholders have not received any dividends nor a financial statement for two or more years.

At a hearing, one of the relators, Herman C. Osmond, testified for the relators, and was cross-examined by the defendant's counsel. No testimony was submitted by the defendant. The question to be decided is whether or not a peremptory writ of mandamus shall issue, directing the officers of the defend-

ant company to allow the relators access to the books and records of the defendant company, for the purposes set forth in the petition.

Under the Business Corporation Law of May 5, 1933, P. L. 364, sec. 308(b), "Every shareholder shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, for any reasonable purpose, the share register, books or records of account, and records of the proceedings of the shareholders and directors, and make extracts therefrom." This act of assembly would seem to be in general a reënactment of the common-law rules governing the rights of stockholders to inspect the books of the corporation: Kuhbach v. Irving Cut Glass Co., 220 Pa. 427, 433.

Under the provisions of the same act, which became effective on July 3, 1933, foreign corporations are subject to its provisions: sec. 3(c).

No question is raised by the defendant as to the right or jurisdiction of this court to issue the writ as prayed. The question would therefore seem to resolve itself into the question whether or not the petitioning shareholders desire to inspect the share register, books, or records of account, etc., for a "reasonable purpose", within the meaning of the Business Corporation Law.

Herman C. Osmond, the only one of the relators who testified, might be found, from the evidence, to be a dealer in stocks and at present a party to litigation against the defendant in the State of Delaware. He is, however, a stockholder, and is entitled to assert and receive his rights as such. A stockholder would seem to have the right to reasonable information concerning the financial status of the company in which he may be interested, and where such information is not furnished to the stockholder by the company the stockholder would have the right to obtain the information for himself from the books and records of the company.

The leading case in Pennsylvania covering the questions here involved is Hauser et al. v. York Water Co. et al., 278 Pa. 387, wherein the case of Commonwealth v. Empire Passenger Ry. Co., 134 Pa. 237, is overruled. The court, speaking through Mr. Justice Simpson, says at page 391 of the opinion: "At common law 'unless the charter provides otherwise, a shareholder in a trading corporation has the right to inspect its books and papers and to take minutes from them, for a definite and proper purpose, at reasonable times. The doctrine of the law is, that the books and papers of the corporation, though of necessity kept in some one hand, are the common property of all the stockholders, . . . [their right, in the case of] joint stock corporations, to inspect the accounts and papers, [being] similar to that of members in large partnerships, where managers are appointed to transact the business': Com. ex rel. v. Phœnix Iron Co., 105 Pa. 111, 116. This conclusion has never been overruled, or even qualified, by any of our later decisions, unless it is Com. v. Empire Passenger Railway Co., 134 Pa. 237, hereafter to be considered. On the contrary, the foregoing extract has frequently been quoted, or referred to and approved (see Phœnix Iron Co. v. Com., 113 Pa. 563; Kuhbach v. Irving Cut Glass Co., 220 Pa. 427, 433) ; and we have also decided it is against public policy to permit the right to such a list to be limited by the by-laws of the company: Com. ex rel. v. Penna. Silk Co. (No. 1), 267 Pa. 331.

"It follows that when a stockholder applies for a mandamus, because of a refusal to give him such a list, or to allow him to copy it from the books of the corporation, and states a legal and proper reason why he desires to have it, the corporate officers, who deny his right to it, have a heavy burden to carry. Of course, 'the writ should not be granted for speculative purposes, or to gratify idle curiosity, or to aid a blackmailer, but it may not be denied to a stockholder who seeks the information for legitimate purposes': Guthrie v. Harkness, 199

U. S. 148. The law presumes, however, that the list is desired for a proper purpose, and he who denies this has the burden of clearly and explicitly averring and proving that he is right: 7 R. C. L. 326."

If we consider the presumption to be in favor of the relators, certainly the defendant has not overcome that presumption in the present case. The relators allege a desire to ascertain the financial condition of their company and to inspect the list of its stockholders. Their purpose would seem to be a lawful purpose, and their right to inspect the stock list, etc., having been refused, and the defendant having failed to meet the burden of sustaining its refusal, there would seem to be nothing for the court to do other than to allow the peremptory writ. While the Hauser case, supra, would seem to be the controlling case, yet more or less similar questions are raised and decided in Phœnix Iron Co. v. Com. ex rel., 113 Pa. 563, Hertzler et al. v. Federal Equipment Co., 265 Pa. 449, Conerty et al. v. Butler County Oil Refining Co. et al., 301 Pa. 417, and Davis et al. v. Cambria Title, Savings & Trust Co., 304 Pa. 32.

The defendant contends that since the Delaware charter of the company provides that access to the books may be had only as provided by resolution of the board of directors, this court should not allow a stockholder a privilege not provided for in the charter. We feel that when the defendant company came into Pennsylvania, with practically all its assets, for the purpose of doing business in the Commonwealth of Pennsylvania, the corporation and its stockholders accepted, and made themselves subject to, the laws of Pennsylvania, and under such laws we feel that the following order must be entered:

And now, May 2, 1934, for the reasons given in the foregoing opinion, the prayer of the relators must be allowed, and it is ordered, adjudged, and decreed that a writ of peremptory mandamus issue, directed to the defendant company and its officers, commanding and requiring the defendant company and its officers to submit for the examination of relators, either in person or by their agents or attorneys, the share register of defendant company and all books and records of account and records of the proceedings of the shareholders and directors of defendant corporation. An exception is allowed to the defendant.