# Frampton, Appellant, *v.* Pierce.

*Elections—Ballot—Objection to name on ballot—Bill in equity.*

Where a bill in equity to enjoin the county commissioners from printing the name of a certain candidate upon the official ballot to be voted for at a primary election was dismissed by the lower court a few days before such election, the question raised on an appeal from such decree taken six months thereafter is purely academic and the appeal will be quashed.

Argued Sept. 28, 1915.   Appeal, No. 27, Oct. T., 1915, by plaintiff, from decree of C. P. Clarion Co., in Equity, May T., 1914, No. 3, dissolving preliminary injunction

in case of B. H. Frampton v. J. K. Pierce, Peter Zacherl and D. C. Hindman, County Commissioners of the County of Clarion, and B. W. Thompson.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Appeal quashed.

Bill in Equity to enjoin the County Commissioners from printing the names of certain candidates on an official ballot.   Before KING, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The lower court dissolved a preliminary injunction which it had granted.   Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*J. V. Frampton,* for appellant.

*A. A. Geary,* with him *Don C. Corbett, H. E. Rugh* and *W. W. Hindman,* for appellee.

PER CURIAM, October 28, 1915:

The question raised on this appeal is now purely academic.   The bill of the complainant sought to enjoin the county commissioners of Clarion County from printing the name of B. W. Thompson upon the official ballot to be voted for at the primary election May 19, 1914, as a candidate for the office of chairman of the Democratic County Committee of said county.   The bill was dismissed May 11, 1914.   The primary election was held eight days later, and this appeal was taken November 11, 1914,—just six months after the dismissal of the bill. Even if the court erred in its decree—which we do not intimate—a reversal of it would not now, in any manner, profit the appellant.

Appeal quashed.