# Commonwealth ex rel. Wilde *v.* Pennsylvania Silk Co. et al., Appellants (No. 1).

*Corporations — By-laws — Stockholder — Inspection of books — Right of stockholder to be accompanied by his attorney—Discretion of directors—Public policy.*

1. A by-law of a corporation providing that "stockholders may, in the discretion of the board, inspect the books of the company at such reasonable times as the board of directors may by resolution designate," is not to be construed so as to oust the jurisdiction of the courts, and make the discretion of the board conclusive. To adopt such construction would be against public policy.

2. The fact that a stockholder, desiring an inspection of the books, voted for such a by-law, is not conclusive against him when he applies to the courts for relief.

3. A stockholder of a corporation has the right to be accompanied by his attorney, of his own selection, in making an examination of the books of the company.

Argued March 10, 1920.  Appeal, No. 230, Jan. T., 1920, by defendants, from judgment of C. P. Northampton Co., July T., 1919, No. 47, for relator on petition for mandamus in case of Com. ex rel. Henry Wilde v. Pennsylvania Silk Co., a corporation, D. H. Keller, President, Harvey D. P. Dietrich, Treasurer, and Levan B. Flory, Secretary of said corporation.  Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Petition for alternative mandamus.

Demurrer to answer of defendants.

The answer denied, among other matters, that Harvey D. P. Dietrich was treasurer of the company, or that he had authority to give relator access to the books.

332   COM. ex rel. WILDE *v.* PA. S. CO., Appellant.

Opinion of Court below.                    [267 Pa.

STEWART, P. J., filed the following opinion:

This is a demurrer to the answer of the defendants.
[The answer proceeds to deny the averments of the
petition and sets up the existence of a by-law as follows:
"51. The books, accounts and records of the company
shall be open to inspection by any member of the board
of directors at all times. Stockholders may, in the dis-
cretion of the board, inspect the books of the company at
such reasonable times as the board of directors may by
resolution designate." It is contended by the learned
counsel for defendants that this by-law leaves the whole
matter to the discretion of the directors. No such claim
can be sustained, and no such by-law can oust the juris-
diction of a court. It is against public policy to adopt
such a construction, and, under the facts of the present
case, it cannot be considered as a defense to relator's
claim. The fact that he may have voted for its adop-
tion is immaterial.] (1) The answer then goes on
to give the history of defendants' side of the con-
tention, and refers to the criminal suit and to the
prior attempts at an examination of the defend-
ants' books, but the whole matter is summed up in
the twenty-eighth paragraph of the answer as follows:
"Twenty-eighth: That the said corporation have been
willing at all convenient times that the said Henry
Wilde and the said accountant, acting with the said
Henry Wilde, should have free and complete access to
the books and accounts of the said defendant corpora-
tion without any process of law whatever, but they have
objected and do object to the said Everett Kent examin-
ing the same or have anything to do with the same, on
account of threats that he has made, the charges of fraud
and corruption and dishonesty on the part of the man-
agers and directors of the said company, and do not
care to trust their books and accounts in his hands but
that there is another attorney employed by the said
Henry Wilde, to whom they have no objection whatso-
ever and are willing to permit an examination by the

said plaintiff, the said accountant or any other proper accountant and by the said other attorney or any other reputable attorney that the said Henry Wilde may employ, without process of law for the said purpose."

The sum and substance of the answer is that they are willing to have the relator and his accountant and any other attorney except Everett Kent examine the books. In volume 10 of Cyc., page 958, it is said to be the law that a stockholder is not confined to a personal inspection by himself, but may exercise this right through an agent, attorney, solicitor, counsel or expert. A reference to the cases that we cited in our former opinion in this case shows that the above is a correct statement of the law in Pennsylvania. [Com. ex rel. Sellers v. Phœnix Iron Co., 105 Pa. 111; Neubert v. Armstrong Water Co., 211 Pa. 582; Williamsport v. Citizens Water & Gas Co., 232 Pa. 232; Rochester v. Indiana Co. Gas Co., 246 Pa. 571; Com. ex rel. Armstrong v. Comrs. of Allegheny, 37 Pa. 277; Oyer v. Applegate, 19 Pa. Dist. R. 78; Goodman's Est., 28 Pa. Dist. R. 127.] In the preceding section [of Cyc.] it is said that it is within the power of the court to control the conduct of those who may make the examination.

The only authority that the learned counsel for the defendants has referred us to in support of his claim that the defendants have a right to object to Mr. Kent, is the following from Phœnix Iron Co. v. Com. ex rel. Sellers, 113 Pa. 563: "He had a right to a reasonable personal inspection of them, and with the aid of a disinterested expert might make such extracts as were reasonably required in the preparation of the bill he proposed to bring." Mr. Justice CLARK, however, did not say in that case that the question as to whether the expert was disinterested or not was to be decided by the defendant. There are two other cases in Pennsylvania where allegations of the same character were made to prevent a mandamus. In Kuhbach v. Irving Cut Glass Co., 220 Pa. 427, the syllabus is: "Where a stockholder furnishes

334 COM. ex rel. WILDE *v.* PA. S. CO., Appellant.

Opinion of Court below. [267 Pa.

sufficient data to warrant the conclusion that there is mismanagement and that the affairs of the company are not conducted in a proper manner and in the interests of the stockholders, he has a right to demand of the officers of the company permission to examine the books, records and accounts of the corporation so that he may protect his interests by a bill in equity or otherwise; and if the demand is refused and he makes application to the court to enforce it, a mandamus should be awarded. The mere fact that the relator in such a proceeding is a stockholder in a competing company, is not of itself sufficient to deprive him of the relief which he seeks by mandamus; nor is an offer by the defendant company to buy the relator's stock at a price fixed by the company a sufficient answer to his demand for an inspection of the books and papers of the company." That case is also a demurrer to the return. The court then awarded a peremptory mandamus. Mr. Justice MESTREZAT, in that opinion, calls attention to the fact that the averment was simply made on belief, and that it did not aver that it could be supported by proof; but in the subsequent case, Hodder v. George Hogg Co., 223 Pa. 196, Mr. Justice POTTER, at the bottom of page 198, said as follows: "It is also there held, that the averment of an intention to file a bill in equity to restrain the officers from mismanagement, and the need of information to that end is sufficient ground for granting the mandamus; and also that the fact that the petitioner is interested in a competing company is not a good and sufficient reason for refusing it."

We think, therefore, that whether there is an averment of ability to prove or not would be immaterial. [Mr. Kent is a reputable member of this bar. If he should be guilty of unprofessional conduct, it would be the subject of discipline by the court, independently of the present proceeding. The relator has a right to his services as counsel, and it would be intolerable to allow the dictation of the defendants to prevent him from acting.] (2)

COM. ex rel. WILDE *v.* PA. S. CO., Appellant. 335

1920.] Opinion of Court below—Opinion of the Court.

[And now, January 5, 1920, judgment on the demurrer is entered for the relator, and the court awards a peremptory writ of mandamus directed to the Pennsylvania Silk Company, a corporation, D. H. Keller, President; Harvey D. P. Dietrich, Treasurer, and Levan B. Flory, Secretary of said corporation, commanding them and each of them, at reasonable times, to permit Henry Wilde, the relator, with his duly authorized accountant and counsel, to have access to all the books, minutes, papers, accounts, and records of the Pennsylvania Silk Company which the said relator may require in order that he may investigate the affairs of the said corporation in accordance with the prayer of his petition, and it is ordered that the defendant company pay the costs of this proceeding.] (3)

Defendants appealed.

*Errors assigned* were the portions of the opinion of the court and the decree, quoting them.

*H. M. Hagerman,* for appellants.—The control of the books, etc., is under the board of directors, and they have a right to use a sound discretion in permitting or refusing a stockholder to examine the books: Kuhbach v. Irving Cut Glass Co., 220 Pa. 427; Com. ex rel. v. Phœnix Iron Co., 105 Pa. 111.

This court has never gone further in allowing aid to a stockholder in examining a corporation's books than in using the adjective "disinterested," in reference to the kind of assistant the stockholder might employ and which the corporation had to submit to: Hodder v. George Hogg Co., 223 Pa. 196.

*Asher Seip,* with him *Everett Kent,* for appellee.

PER CURIAM, April 19, 1920:

The judgment in this case was entered on relator's demurrer to the answer of respondents to the petition

336   COM. ex rel. WILDE *v.* PA. S. CO., Appellant.

Opinion of the Court.                    [267 Pa.

for the writ of mandamus, and it is affirmed, except as to Harvey D. P. Dietrich, on the clear opinion of the learned president judge of the court below, in pursuance of which it was entered.

Judgment affirmed.