Strassburger, Appellant, *v.* Philadelphia Record Company.

Argued May 16, 1939. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert T. McCracken,* with him *John F. Headly,* and
*Montgomery & McCracken,* for appellant.

*Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,*
with him *Nathan Silberstein, Jerome J. Rothschild,* and
*Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY MR. JUSTICE LINN, June 19, 1939:

These two appeals were argued together and for that
reason will be disposed of in one opinion. Number 242
is an appeal from the refusal of a preliminary injunc-
tion to restrain holding the annual meeting of the share-
holders of defendant corporation on the day specified
for that purpose in the by-laws. In his bill, filed March
24, 1939, appellant averred that he owned 3,589, out

of the total of 14,720, shares of preferred stock of Philadelphia Record Company, a Pennsylvania Corporation, and 46, out of a total of 81,414, shares of common stock; that he had been elected a director on the 20th of January, 1939, and on February 7, 1939, had filed a petition for a writ of peremptory mandamus to obtain inspection of its books and records; that defendant filed a return to which he had demurred; and that, on March 9, 1939, the peremptory writ had been refused with leave to him to reply to the return within fifteen days. The bill averred that defendant's by-laws provided that the annual meeting of the shareholders should be held on the last Monday of March of each year; in this year, March 27th. He averred that performance of his duties, as director, required that he inform himself of defendant's financial condition and, for that purpose, he required access to its records within a reasonable time prior to the annual meeting. He asked that defendant be restrained from holding the meeting until after the mandamus proceeding was disposed of, and for other relief. The application for the preliminary injunction was heard on Saturday, March 25th, and the injunction was refused. The stockholders' meeting was held on Monday, March 27th, and appellant was not reëlected a director.

The appellee has moved to quash the appeal on the ground that, as the meeting was held at the time specified in the by-laws, the question is moot. For that reason the motion[1] must be granted.

The appeal to number 243 is from the refusal of the peremptory writ of mandamus. Appellant had been elected by the board of directors to fill a vacancy on January 20, 1939. He desired to inspect its books and records to be advised of the condition of defendant's affairs for the purpose of performing his duties as di-

---

[1] Compare *Frampton v. Pierce*, 251 Pa. 186, 96 A. 467; *Com. v. Floyd*, 274 Pa. 172, 117 A. 778; *Reese v. Adamson*, 276 Pa. 253, 119 A. 920; *Moskowitz's Appeal*, 324 Pa. 144, 188 A. 106.

rector. He averred [2] that "his requests have always been refused."

To appellant's petition for the writ, defendant filed a return from which it appears that the board held a meeting, February 10th, and decided to "afford [appellant] the right to examine its books, documents and records either himself or through any competent, qualified, disinterested and generally recognized firm of certified Public Accountants." The board declined to allow an examination by the person, suggested by appellant, who, it was averred on information, was "not a certified public accountant," stating, however, that the board was inquiring into the competency of the person suggested

---

[2] The 6th, 7th and 8th paragraphs of his petition, which was filed February 7, 1939, are as follows: "6. The said preferred stock of the defendant corporation provides that if the corporation shall have defaulted for two years in setting aside the amount of any instalment of the preferred stock sinking fund required to be set aside by the provisions of said preferred stock, the entire voting power of the corporation for the election of directors shall become and remain vested exclusively in the preferred stock. Petitioner is advised, believes and therefore avers that the corporation has been in default for two years in setting aside the amount of said instalments of the preferred stock sinking fund as required, and therefore petitioner as a holder of preferred stock is entitled to one vote for each share of such preferred stock standing in his name on the books of the corporation.

"7. That petitioner, as a holder of preferred stock and also as a holder of common stock, has the right to examine in person or by agent or attorney the share register, the books or records of account, and records of the proceedings of the shareholders and directors, and to make extracts therefrom.

"8. The defendant corporation on February 6, 1939, through its officers and directors, refused to permit petitioner and his accountant to examine the books of account, minute books, and other records and documents of the defendant corporation; and refuses to give petitioner and his accountant or permit either of them to obtain any information whatsoever regarding the affairs of the corporation, its financial condition, the action of its Board of Directors, and the manner and method in which its business is being conducted and transacted."

but had not yet completed its inquiry. Defendant averred that appellant was offered an examination by himself and by Lybrand Ross Bros. & Montgomery, Price Waterhouse & Co., Ernst & Ernst and Haskins & Sells, well-known public accountants, and "through his attorney, Robert T. McCracken, Esq., or through any competent, qualified, disinterested and generally recognized firm of public accountants." In the return the averments of paragraph 6, quoted above, were denied and it was averred that proper credits had been made to the preferred stock sinking fund. The return also contains vague averments, apparently made for the purpose of challenging the good faith of appellant's request for information. These averments were treated by the learned court below as properly pleaded facts that were admitted by the demurrer to the return; as we must quash the appeal, it is unnecessary to consider whether the averments should have been held sufficient for that purpose: cf. *Hodder v. George Hogg Co.*, 223 Pa. 196, 198, 72 A. 553. The demurrer was accordingly overruled with leave to reply within fifteen days. Before the fifteen days elapsed this appeal was taken.

The general relation of a director to a business corporation is stated in section 408 of the Business Corporation Law of 1933, P. L. 364, 15 PS section 2852-408: "Relation of Directors and Officers to the Corporation. Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in their personal business affairs." [3] As such fiduciary appellant was entitled to all the information available to enable him to perform his duties to the stockholders

---

[3] This is section 33 of the Uniform Act; 9 Uniform Laws Annotated, pp. 86, 87; see *Hunt v. Aufderheide*, 330 Pa. 362, 366, 199 A. 345.

who are the real owners of the property. He was entitled at any time to make such inspection of its records as he considered necessary to inform himself for the proper performance of his duty to the stockholders; the statute did not limit him, in the examination, as it limited the stockholder whose right is defined by section 308B (P. L. 382), 15 PS section 2852-308B, "Every shareholder shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, for any reasonable purpose, the share register, books or records of account, and records of the proceedings of the shareholders and directors, and make extracts therefrom.[4]

In making his examination the director is entitled to expert assistance.[5] He must of course act in good faith and therefore may not exercise his right of examination for purposes that would be in conflict with the performance of his fiduciary relationship.

At the annual meeting on March 27th the appellant was not reëlected to the board. The fact that he is not now a director makes it unnecessary to discuss the scope of a director's right of examination, but, as his petition also alleged his position as stockholder[6] he is entitled to further proceedings. His stockholding was admitted by the return which also conceded his right to the examination; the burden of showing why he

---

[4] This is part of section 35 of the Uniform Act, 9 Uniform Laws Annotated, p. 88.

[5] For example, by counsel, *Com. v. Penna. Silk Co.*, 267 Pa. 331, 110 A. 157, or by one otherwise expert, *Conerty v. Butler County Oil Co.*, 301 Pa. 417, 420, 152 A. 672.

[6] Business Corporation Law of 1933, P. L. 364, section 308, 15 PS section 2852-308; *Ruby v. Penn Fiber Board Corp.*, 326 Pa. 582, 192 A. 914; *Moore v. Steinman Hardware Co.*, 319 Pa. 430, 179 A. 565; *Davis v. Cambria Title etc. Co.*, 304 Pa. 32, 155 A. 108; *Conerty v. Butler County Oil Co.*, 301 Pa. 417, 152 A. 672; *Hodder v. George Hogg Co.*, 223 Pa. 196, 72 A. 553; *Kuhbach v. Irving Cut Glass Co.*, 220 Pa. 427, 69 A. 981; *Com. v. Phoenix Iron Co.*, 105 Pa. 111, and 113 Pa. 563, 6 A. 75.

should not be permitted to exercise the right granted by section 308B is on the defendant.

Defendant has moved to quash the appeal on the ground that the order was not final within section 29 of the Mandamus Act of June 8, 1893, P. L. 345, 12 PS section 1975. The motion to quash the appeal is granted, and the record is remitted for further proceedings.

In Number 242 the appellant shall pay the costs; in Number 243, costs shall abide the result.