J-A31014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARVIN L. SLOMOWITZ, IN HIS CAPACITY AS GENERAL PARTNER OF HANOVER ASSOCIATES, A PENNSYLVANIA LIMITED PARTNERSHIP, AND IN HIS CAPACITY AS A JOINT VENURER IN CLARMARK ASSOCIATES, THE GENERAL PARTNER OF FIRST VALLEY ASSOCIATES, A PENNSYLVANIA LIMITED PARTNERSHIP, AND IN HIS CAPACITY AS GENERAL PARTNER OF HERSHEY PLAZA ASSOCIATES, A PENNSYLVANIA LIMITED PARTNERSHIP, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STUART A. KESSLER, IN HIS CAPACITY AS GENERAL PARTNER OF HANOVER ASSOCIATES, A PENNSYLVANIA LIMITED PARTNERSHIP, AND IN HIS CAPACITY AS PARTNER WITH JOHN B. ROSENTHAL, DECEASED, IN CLARIDGE PROPERTIES, THE OTHER JOINT VENTURER IN CLARMARK ASSOCIATES, THE GENERAL PARTNER OF FIRST VALLEY ASSOCIATES, A PENNSYLVANIA LIMITED PARTNERSHIP, AND IN HIS CAPACITY AS GENERAL PARTNER OF HERSHEY PLAZA ASSOCIATES, A PENNSYLVANIA LIMITED PARTNERSHIP, | |
| Appellant | No. 510 MDA 2014 |

Appeal from the Order February 25, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 3844-2011

BEFORE: BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 14, 2014**

Stuart A. Kessler, in his capacity as partner/joint venturer in three limited partnerships (the "partnerships"), appeals from the February 25, 2014 order denying his request for a preliminary injunction.[1]  We dismiss this appeal as moot.

On March 16, 2011, Appellee Marvin L. Slomowitz, as partner/joint venturer in the partnerships, instituted this declaratory judgment action against Appellant.  Appellee averred the following.  The partnerships owned, operated, and maintained rental apartment buildings for elderly and other low-income people in Luzerne County.  Development of the apartment complexes was financed by the Pennsylvania Housing Finance Agency (the "Agency"), and the partnerships were subject to the Agency's rules and regulations.  Appellee was in control of the partnerships under the pertinent governing documents and had secured funding for improvements to some of the partnership's apartment buildings through the Preservation Through Smart Rehab Program, which was established by the Agency.  Appellant was engaging in actions that undermined Appellee's ability to close on the loan from the Agency.  Appellee sought a declaration that he was the general partner in charge of the partnerships and could close on the loan from the Agency without Appellant's consent.

_____

[1]  This Order is appealable as of right.  Pa.R.A.P. 311 (a)(4).

After an amended complaint was filed, Appellant filed an answer, new matter, and counterclaim. Appellant maintained the following. Before this action was instituted, the parties had a third partner who died in 2008 and who was in charge of the partnerships. After that event, Appellant and Appellee began to differ as to the proper management of the partnerships and were essentially at a deadlock. Appellant denied that Appellee had unilateral, general authority to enter the loan arrangement with the Agency under the documents governing the partnerships. Appellant also averred that he had various concerns about the proposed loan transaction with the Agency.

Appellant sought dissolution and the appointment of a receiver for the partnerships. Appellant also sought declaratory and injunctive relief. He wanted, *inter alia*, a declaration that Appellee needed his consent before entering any agreements on behalf of the partnerships and that both parties had the joint power to operate the partnerships. Appellant also requested an order enjoining Appellee from unilaterally taking action on behalf of the partnerships without Appellee's consultation and concurrence.

Appellee filed a response to Appellant's pleading and then unsuccessfully sought summary judgment. The matter remained unresolved. In January, 2014, Appellant petitioned for the issuance of a preliminary injunction against Appellee. Appellant sought to prevent Appellee from conveying or selling any interest in real estate owned by one

of the partnerships, Hershey Plaza Associates, and located at 233 W. Chocolate Avenue, Hershey. Appellee had executed an agreement of sale for the property in question with Brickbox Investments LLC ("Brickbox") and Appellant sought to prevent that sale from occurring.

Appellee answered the petition for injunctive relief and the trial court scheduled a hearing. During oral argument that occurred before the hearing, the trial court twice asked Appellant how he would suffer irreparable harm that could not be cured through the recovery of monetary damages if the proposed sale transpired.[2] After Appellant was unable to answer that inquiry, the trial court did not hold a hearing. It ruled that Appellant would not be able to satisfy all the prerequisites for issuance of a preliminary injunction. Specifically, the court concluded that Appellant was "unable to demonstrate that he would suffer immediate and irreparable harm not compensable by money damages if the preliminary injunction were

_____

[2] In **Brayman Construction Corp. v. Commonwealth Department of Transportation**, 13 A.3d 925, 935 (Pa. 2011) (emphasis added), our Supreme Court noted:

> To obtain a preliminary injunction, a petitioner must establish that: (1) **relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages**; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct; (4) the petitioner is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) the public interest will not be harmed if the injunction is granted.

not issued." Trial Court Opinion, 6/2/14, at 2. It denied the request for a preliminary injunction, and this appeal followed.

Before entertaining the merits, we resolve a pending motion to dismiss filed by Appellee. Appellee maintains that the sale of the real estate in question has occurred, thereby rending this appeal moot. He seeks dismissal under Pa.R.A.P. 1972(a)(4) ("[A]ny party may move . . . [t]o dismiss for mootness."). As we observed in *In re L.Z.*, 91 A.3d 208, 212 (Pa.Super. 2014), *appeal granted on other grounds*, 96 A.3d 989 (Pa. 2014) (quoting *In re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002) (*en banc* ):

> The mootness doctrine requires that an actual controversy exist at all stages of review, not merely at the time the complaint is filed.
>
> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.
>
> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

Appellant concedes that the real estate was sold to Brickbox, but invokes all three exceptions to the mootness doctrine. He first claims that this appeal involves a matter of great public importance since it pertains to

low-income housing, commonly called Section 8 housing. We disagree. This matter involves an interpersonal dispute that revolves around whether Appellee has the authority, without Appellant's approval, to sell certain partnership real estate that merely happens to be Section 8 housing. It involves no issue of public importance. *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board*, 8 A.3d 300 (Pa. 2010). Appellant also complains about a violation of his due process rights since he was not accorded a hearing on the injunction, and he suggests this question is of public importance. However, the purported constitutional violation is also personal to Appellant's individual rights rather than those of the public at large. We therefore reject Appellant's attempt to invoke the first exception to the mootness doctrine.

Appellant also maintains that the issue herein is capable of repetition and avoiding review since the partnerships own other properties that can be sold. We also reject this premise. Appellant is in the process of obtaining review at the trial court level of the central question involved herein, *i.e.*, whether Appellee has the ability to act without Appellant's consent for purposes of operating the partnerships in question. Thus, the contention on appeal is not capable of evading review but actually should be resolved by the trial court deciding the merits of the declaratory judgment action in the first instance. Additionally, there is no proof that there is another pending,

let along potential, sale of a piece of real estate owned by the partnerships, and, concomitantly, no indication that this question will arise again.

Finally, Appellant suggests that he will suffer some detriment due to the trial court's decision. Specifically, he maintains that, due to the consummation of the sale, there will be litigation since Brickbox thought that, in addition to the partnership real estate, it was purchasing adjacent property from parties that are related to the parties herein. Any potential lawsuit does not flow from the denial of the injunction but pertains to an interpretation of the sales documents in question. The problem exists whether or not we reverse the decision of the trial court. Hence, there is no detriment to Appellant that would be remedied by our reversal of the order presently on appeal.

As we have observed, "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Rivera v. Pennsylvania Department of Corrections*, 837 A.2d 525, 527 (Pa.Super. 2003) (citation omitted). Appellant sought injunctive relief to prevent the sale of the real estate to Brickbox. That event has occurred, and any ruling by this Court would have no force or effect. *Allen v. Birmingham Township*, 244 A.2d 661 (Pa. 1968) (appeal involved unsuccessful request for injunction by township residents to prevent an excavation; appeal was rendered moot by fact that excavation had occurred); *Strassburger v. Philadelphia Record Co.*, 6 A.2d 922 (Pa.

1939) (appeal was from refusal of a request for preliminary injunction to prevent an annual meeting of shareholders from transpiring on a certain day; appeal was rendered moot due to fact that annual meeting took place); ***Deutsche Bank Nat. Co. v. Butler***, 868 A.2d 574, 577(Pa.Super. 2005) (appealing party was successful bidder at a sheriff's sale that the trial court set aside, but the property subsequently was sold at a second sheriff's sale; we dismissed the appeal as moot since "the property was sold at the second sale, and now an order declaring the first sale valid would have no effect."). The property at issue herein was sold; therefore, we cannot issue an injunction preventing that event. The issue herein is moot, and the appeal must be dismissed.

The application to dismiss is granted. Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/14/2014</u>